■ In the Matter of MARY ROSE SEGOVIA, Respondent, v COLLEEN BUSHNELL, Appellant. [925 NYS2d 220]—

Rose, J. Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered August 31, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 5-A, to enforce a prior order of custody and visitation entered in Texas.

Respondent, the mother of two sons (born in 1999 and 2002), refused to release the children to the paternal grandparents for visitation and instead brought them to New York from Texas. A Texas court thereafter issued a temporary order granting custody to the father and petitioner, the paternal grandmother. Petitioner then commenced this proceeding seeking registration and enforcement of the Texas order (*see* Domestic Relations Law §§ 77-d, 77-g). Respondent did not contest registration of the Texas order, but requested that Family Court exercise temporary emergency jurisdiction based on her allegations that the paternal grandparents had sexually abused the children (*see* Domestic Relations Law § 76-c). Family Court placed the children in the temporary custody of the Montgomery County Department of Social Services and ordered an investigation into respondent's allegations. Upon conclusion of the investigation, Family Court found the allegations to be unfounded and granted enforcement of the Texas order.

On her appeal, respondent contends that Family Court did not conduct an adequate investigation into her allegations prior to its determination. This claim, however, is not supported by

the record. Family Court heard, without objection, testimony that the children met with a local sexual abuse validator who determined that there was no sexual abuse, and it reviewed an investigative report prepared by authorities in Texas after respondent made the same allegations there. The Texas authorities conducted an exhaustive review and found no evidence to substantiate the allegations of sexual abuse. In light of the information rebutting respondent's claims, we agree with Family Court that her unsubstantiated allegations were insufficient to warrant the invocation of temporary emergency jurisdiction (*see Matter of Hearne v Hearne*, 61 AD3d 758, 759 [2009]; *Matter of Randall v Randall*, 305 AD2d 512, 513 [2003]).

Mercure, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.